UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WAYLEN BLOCK,

    Petitioner,

v.                                                       CIVIL ACTION NO. 25-40031-MPK[1]

WARDEN BOWERS,

    Respondent.

MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS (#27.)

KELLEY, U.S.M.J.

I. Introduction.

Pro se petitioner Waylen Block, an inmate at Federal Medical Center ("FMC") Devens, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (#24.)[2] Block's petition names Warden Fred Bowers of FMC Devens as Respondent and challenges the Bureau of Prison's ("BOP") decision to assign him a "Sex Offender" Public Safety Factor ("PSF") classification and certain adverse agency determinations he says were related to it.[3] *Id.* ¶¶ 1, 6, 13, 26. He also challenges BOP's decision to terminate his access to inmate email. *Id.*

The Respondent has moved to dismiss Block's petition.[4] (#27.) Block opposes. (#33.)

---

[1] With the parties' consent, this case was assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (#13.)

[2] Block filed his original petition on February 28, 2025. (#1.) He amended the petition on September 17, 2025. (##21, 24.) Though titled as an "Amended Complaint," both sides treat the pleading as an amended habeas petition. *See* #28 at 1 n.1; #33 at 1.

[3] As described in greater detail below, Block seeks review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. (#24 ¶ 13.)

[4] The Respondent's "Motion to Dismiss Petitioner's Amended Petition for Habeas Corpus" does not cite any of the defenses listed in Fed. R. Civ. P. 12(b) but lists three reasons why dismissal is

1

For the reasons set out below, the Respondent's motion (#27) is allowed in part and denied in part, and Block's petition is dismissed.

II. <u>Background.</u>

   A. <u>Block Is Assigned a Public Safety Factor.</u>

In 2018, Block was sentenced by the United States District Court for the District of South Dakota to a term of twenty years' incarceration following his conviction, pursuant to 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), for Receipt of Child Pornography. (#24 ¶ 5); *see United States v. Block,* Case No. 5:17-cr-50068 (D.S.D. Aug. 13, 2018), Docket No. 81, "Judgment in a Criminal Case"; Docket No. 99, "Amended Judgment in a Criminal Case." After he was processed into custody, BOP officials assigned Block a PSF classification of "Sex Offender" in accordance with BOP Program Statement No. P5100.08, "Inmate Security Designation and Custody Classification" ("PS 5100.08").[5] (#24 ¶ 6.) Block claims that the classification, in addition to being erroneous,

---

warranted. *See* #27 at 2 ("*First*, this Court lacks jurisdiction . . . *Second*, [Block] failed to exhaust his administrative remedies . . . And *third*, even if this Court were to reach the merits, the BOP's classification of [Block] as a sex offender . . . was proper[.]"). The Respondent's supporting memorandum (#28) references Fed. R. Civ. P. 12(b)(1) but dedicates nearly half its length to arguments that attack the merits of Block's allegations. *See id.* at 2, 8-13. The court treats the motion as one brought under both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

[5] The court understands Block's petition as challenging his "Sex Offender" PSF classification. In his amended petition, Block states that he was assigned a PSF of "Greatest Severity," *see* #24 ¶ 13, although he says in his opposition that he was actually assigned a "High Severity" classification. (#33 ¶ 7.) No such PSF classification is listed in PS P5100.08, a document the Respondent submits and cites to in identifying the actual PSF Block was assigned: "Sex Offender." (#28 at 1-2); *see* #28-1 at 38 ¶ 16 (listing various "Public Safety Factors" including that of "Sex Offender" and "Greatest Severity Offense" but not "High Severity"), and 97-100 (listing "Greatest Severity" and "High Severity" as criteria on separate "Offense Severity Scale"); *see also* #29 ¶ 7, Declaration of Cheryl Magnusson (the "Magnusson Declaration") ("Petitioner Block is assigned the Sex Offender PSF[.]"). In addition to those documents attached to Block's amended petition, *see* #24-1-6, the court considers the Magnusson Declaration and its attachments (#29-1-6), along with PS P5100.08, documents which the Respondent submits in support of his motion to dismiss. "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."

2

"prevent[ed] his participation in certain BOP Programs" and rendered him ineligible to earn time credits toward his early release under the First Step Act ("FSA"). *Id.* ¶¶ 1, 6, 26.

B. Block's Access to Inmate Email Is Terminated.

Block arrived at FMC Devens in April 2021. *Id.* ¶ 11. There, BOP officials "thoroughly reviewed and approved" his use of "TRULINCS" email,[6] which he used in the years following, without incident, to receive news, prepare legal work, and communicate with his family and his lawyers. *Id.* In January 2025, a BOP official informed Block that following "a spontaneous audit" of inmate email, Block's access to TRULINCS was to be terminated "ba[s]ed on his offen[se] of conviction." *Id.* ¶ 12. According to Block, the decision to deny him access to TRULINCS was not only in retaliation for his having earlier brought lawsuits against BOP but was also carried out pursuant to a "personal driven policy" intended to "act out punishment to sex offenders." *Id.*

III. Legal Standards.

Fed. R. Civ. P. 12(b)(1) permits a party to move to dismiss for lack of subject-matter jurisdiction. "Subject-matter jurisdiction means the power to resolve the parties' dispute." *Toddle Inn Franchising, LLC v. KPJ Assocs., LLC*, 8 F.4th 56, 60 n.4 (1st Cir. 2021) (additional citations omitted). Dismissal for lack of subject matter jurisdiction "'is appropriate only when the facts

---

*Alternative Energy Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (additional citation omitted). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint.'" *Id.* (additional citation omitted). Block does not challenge the authenticity of the documents submitted by the Respondent, and, in any event, the court finds that they are central to Block's claims. *See Isler v. Grondolsky,* 942 F. Supp. 2d 170, 173 & n.1 (D. Mass. 2013) (considering BOP declaration and those records attached to it, including PS P5100.08, in connection with motion to dismiss § 2241 petition challenging "Sex Offender" PSF classification).

[6] BOP's Trust Fund Limited Inmate Communication System, or "TRULINCS", allows inmates to send and receive email with members of the community. (#29 ¶¶ 5); *see* #29-2, BOP Program Statement 4500.12, "Trust Fund / Deposit Fund Manual."

adumbrated in the [petition], taken at face value, fail to bring the case within the court's subject-matter jurisdiction.'" *Cabo v. Warden, FCI Berlin*, Case No. 23-66-JL, 2024 WL 734180, at *1 (D.N.H. Jan. 18, 2024), *report and recommendation adopted,* 2024 WL 730483 (D.N.H. Feb. 22, 2024) (quoting *Gordo-Gonzalez v. United States,* 873 F.3d 32, 35 (1st Cir. 2017)) (alteration in original). Under Rule 12(h)(3), if at any time the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A motion to dismiss a habeas petition is evaluated under the same principles as those applied in other civil cases under Fed. R. Civ. P. 12(b)(6). *Phillips v. Bowers,* 784 F. Supp. 3d 471, 473 (D. Mass. 2025) (additional citation omitted); *see* Fed. R. Civ. P. 81(a)(4). Consequently, dismissal is appropriate if, after taking the petition's well-pleaded facts as true and allowing the petitioner the benefit of all reasonable inferences, "the petition fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Sanborn v. Bowers*, 788 F. Supp. 3d 153, 159 (D. Mass. 2025) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)) (additional citations omitted).

IV. Discussion.

   A. Block's Claims.

Paragraph 13 of Block's amended petition, titled "V. Claims for Relief[,]" states, in full:

> Mr. Block challenges the []BOP's adverse public safety factor ("PSF") . . . pursuant to the Administrative Procedure[] ACT (APA), see 5 U.S.C. §§ 701; 706. The imposition of the PSF is arbitrary, capricious, and otherwise not in accordance with law.

(#24 ¶ 13). Block's petition also challenges certain related, adverse agency determinations and, separately, the loss of his access to TRULINCS email. *See id.* ¶¶ 1, 6, 26.

4

B. <u>The Respondent's Motion to Dismiss (#27.)</u>

The Respondent makes four arguments for dismissal, three of which are considered below.[7]

1. <u>Jurisdiction over Block's Habeas Petition.</u>

The Respondent argues, as an initial matter, that Block's habeas petition should be dismissed because this court lacks subject matter jurisdiction over the claims raised in it. *See* #27 at 7-8. In particular, he claims that Block's § 2241 petition challenges his PSF designation "not because it affects the fact or duration of his confinement, but because it restricts his access to e-mail." *Id.* at 7. According to the Respondent, Block's claims "seek relief beyond what is traditionally provided by a writ of habeas corpus." *Id.*

A habeas petition brought under 28 U.S.C. § 2241 provides a petitioner a means to "'attack the execution, rather than the validity'" of his sentence. *Dinkins v. Boncher*, Civil Action No. 21-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022) (quoting *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999)). "Challenges to 'the *execution* of a federal prisoner's sentence, includ[e] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Barnes v. Spaulding*, Civil Action No. 19-11745-RGS, 2020 WL 6065045, at *7 (D. Mass. Sept. 24, 2020) (quoting *Thornton v. Sabol*, 620 F. Supp. 2d 203, 206 (D. Mass. 2009)) (emphasis in original) (additional quotations and citations omitted).

---

[7] The court does not reach the Respondent's fourth argument: that Block fails to allege any due process violation. *See* #28 at 11-12. Block asserts no due process claim in his amended petition. To the extent he makes a passing reference to one for the first time in his opposition, *see* #33 ¶ 6 ("Paragraph 21 through 25 in Mr. Blocks Amended Complaint describes many due process violations by not affording the opportunity to participate any individualized hearing or review"), any such claim has been waived. *See Yancey v. Warden, FMC Devens*, 712 F. Supp. 3d 95, 105 (D. Mass. 2024) (and cases cited). The court also treats as waived the apparent equal protection claim Block asserts for the first time in his opposition. *See* #33 ¶ 14.

Block's petition can be fairly read as challenging BOP's decision to apply a PSF classification; challenging certain related, adverse agency determinations with respect to his ability to seek transfer or participate in BOP programming; and challenging BOP's decision to terminate his access to TRULINCS email. *See* #24 ¶¶ 1, 6, 13, 26.  The court is satisfied that these claims are properly before it where they challenge "'the manner, location, or conditions of [Block's] sentence's execution[.]'"[8]  *Martinez v. Spaulding*, Civil Action No. 18-11449-ADB, 2021 WL 4080051, at *4, 8 (D. Mass. Sept. 8, 2021) (acknowledging that "[c]ourts in this district have analyzed challenges to the BOP's classifications in the context of § 2241 petitions" and denying respondent's motion to dismiss for lack of jurisdiction) (quoting *Gonzalez v. United States*, 150 F. Supp. 2d 236, 240 (D. Mass. 2001)); *see Isler*, 942 F. Supp. 2d at 171-72 (evaluating § 2241 petition challenging BOP decision to apply "Sex Offender" PSF classification); *Golden v. Sabol*, 575 F. Supp. 2d 280, 282 (D. Mass. 2008) (considering, but ultimately finding as moot, claim raised in § 2241 petition challenging "Sex Offender" PSF and "the adverse conditions that [petitioner] alleges ensued from that classification[,]" including the loss of certain privileges).

    2. <u>Failure to Exhaust Administrative Remedies.</u>

The Respondent next claims that so much of Block's petition that challenges his access to TRULINCS email should be dismissed where Block failed to exhaust the administrative remedies available to him.  *See* #28 at 8-9.  The court agrees.

"Generally speaking, a plaintiff's failure to exhaust h[is] administrative remedies precludes h[im] from obtaining federal review of claims that would have properly been raised before the agency in the first instance."  *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021); *see Darling v.*

---

[8] For reasons stated below, however, the court does conclude that it lacks jurisdiction over certain claims.  *See infra,* IV.B.3.b.i.

6

*Boncher*, 651 F. Supp. 3d 433, 435 (D. Mass. 2023) ("Prisoners challenging their conditions of confinement are required to exhaust their administrative remedies before they may petition for habeas corpus relief under 28 U.S.C. § 2241.") (additional citations omitted); *see also United States v. Bueno-Beltran*, Case No. 15-189-1 (RAM), 2024 WL 3633641, at *3 (D.P.R. Aug. 2, 2024) (inmates "who seek to challenge their criminal history categorization as it affects assessments and classifications made by the BOP should first exhaust available administrative remedies" before bringing any § 2241 petition).

BOP regulations require that federal inmates follow a multitiered review process to successfully exhaust the administrative remedies available to them. *See* 28 C.F.R. § 542.10 et seq., "Administrative Remedy Program."[9] The Respondent does not dispute that Block followed this process and appropriately exhausted his administrative remedies with respect to his claim that BOP's assignment of his "Sex Offender" classification was erroneous, *see* #28 at 9 n.4; rather, he argues that Block failed to complete the administrative process with respect to his challenge that his access to TRULINCS email was improperly terminated. *Id.* at 9. According to the Respondent, Block's failure to do so is fatal to his TRULINCS challenge. *Id.*

---

[9] As described in the Magnusson Declaration,

> [s]uccessfully exhausting the BOP's Administrative Remedy Program requires an inmate to first attempt informal resolution of a complaint with institution staff, and if informal resolution is unsuccessful, then file a written complaint (BP-9) with institutional staff. If an inmate is dissatisfied with the response of institutional staff, they may submit an appeal on the appropriate form (BP-10) to the Regional Director; if an inmate is dissatisfied with the Regional Director's response, they may submit an appeal on the appropriate form (BP-11) to the BOP's Office of General Counsel. Appeal to the Office of General Counsel is the final administrative appeal, and only after the Office of General Counsel has provided a response (or failed to respond in a timely manner) can the inmate be considered to have exhausted the administrative remedy process.

(#29 ¶ 8.)

In this context, whether the failure to exhaust is excusable is an issue with which a reviewing court "has 'some leeway.'" *Phillips,* 784 F. Supp. 3d at 474 (D. Mass. 2025) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 176 (1st Cir. 2016)). It requires that a court "balance a petitioner's interest in 'retaining prompt access to a federal judicial forum' against BOP's 'institutional interests favoring exhaustion.'" *Id.* (weighing "'undue prejudice'" to the petitioner against the agency's "'expertise' to the issues presented" and its interests in having its "established remedial procedures" followed, and requiring exhaustion) (additional citations omitted).

Here, these interests weigh in the Respondent's favor. Block admits that he did not fully complete the administrative process with respect to this issue before bringing suit. *See* #24 ¶ 27. He claims that his failure to have done so is excusable where BOP deemed the TRULINCS-related administrative remedy request he filed (#1230407-F1) "duplic[a]tive" of an earlier request (#1215090-F1) he submitted—and ultimately exhausted—which had challenged his PSF classification. *Id.*

Block's argument, however, omits critical context. The response Block received from institutional staff on March 6, 2025, in connection with his TRULINCS request (#1230407-F1), a copy of which is attached to the Magnusson Declaration, in fact reads, in relevant part:

> This is in response to your Request for Administrative Remedy received on February 21, 2025, wherein you request your Public Safety Factor (PSF) of Sex Offender be removed as well as your access to Trulincs Electronic Messaging System be restored.
>
> An investigation into your request revealed the following: **part** of this request for Administrative Remedy is construed as a repeated request to have your PSF of Sex Offender be removed. This request is duplicative of a request for PSF removal (Remedy ID #1215090-F1) and you do not provide new information that would cause BOP to revisit those decisions.

(#29-6 at 2, March 6, 2025 "Request for Administrative Remedy") (emphasis added).

As BOP's response makes plain, it only construed as duplicative the portion of Block's request that sought removal of his PSF classification—an issue it had already entertained in request #1215090-F1. And, contrary to Block's assertion that BOP failed to provide him with an appropriate response, *see* #29 ¶ 27, the remainder of BOP's March 6 response acknowledges Block's TRULINCS-related concern, provides a basis for BOP's decision denying the request, and concludes with a paragraph that informs Block of his ability to appeal the decision to the Regional Director pursuant to the Administrative Remedy Program. *See* #29-6 at 2.

Block, who has authored thirty-five administrative remedy requests while incarcerated (and no doubt is familiar with the requirements of the Administrative Remedy Program), never appealed the March 6, 2025 decision. He offers no reason why he did not. (#29 ¶¶ 10, 12-13.) *See Cortez v. FCI Berlin, Warden*, Case No. 25-31-JL-AJ, 2025 WL 3617996, at *3 (D.N.H. Oct. 17, 2025), *report and recommendation adopted*, 2025 WL 3611692 (D.N.H. Dec. 12, 2025) (recognizing that while exceptions to exhaustion exist, "they arise only in extraordinary circumstances and the petitioner 'bears the burden of showing that an exception to the exhaustion requirement applies'") (additional citation and quotations omitted).

Accordingly, so much of Block's petition that challenges his access to TRULINCS email is dismissed for failure to exhaust the administrative remedies available to him.

    3. The Merits.

        a. Application of a Public Safety Factor Classification.

Seeking review under the APA, Block argues that BOP's decision to classify him as a "Sex Offender" was "arbitrary and capricious[.]" (#24 ¶¶ 13, 22-23.)

### i. BOP's PSF Classification System – Generally.

Pursuant to 18 U.S.C. § 4081, "Classification and Treatment of Prisoners," BOP has authority to classify inmates

> . . . according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

18 U.S.C. § 4081; *see Fox v. Lappin*, 409 F. Supp. 2d 79, 89-90 (D. Mass. 2006).

Consistent with this authority, BOP promulgated 28 C.F.R. § 524.10 et seq., "Classification and Program Review of Inmates," for the express purpose of "classifying newly committed inmates and conducting program reviews for all inmates[,]" with certain exceptions not applicable here. 28 C.F.R. § 524.10.

To achieve these objectives, BOP follows Program Statement No. P5100.08, "Inmate Security Designation and Custody Classification." (#28-1.) As defined in PS P5100.08, "[a] Public Safety Factor (PSF) is relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." *Id.* at 48. One such PSF listed in PS P5100.08 is that of "Sex Offender[,]" *see id.* at 38, which the program statement defines as applicable to an inmate "whose behavior in the current term of confinement or prior history includes one or more of the following elements . . . (2) [p]ossession, distribution or mailing of child pornography or related paraphernalia[.]" *Id.* at 49 (listing five other "elements").[10]

The Respondent explains that, using PS P5100.08, BOP assigned Block a "Sex Offender"

---

[10] As PS P5100.08 notes, "[a] conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the [relevant] behavior occurred in the current term of confinement or prior criminal history." (#28-1 at 49.)

10

PSF classification based on both his offense history—a 2018 conviction in the District of South Dakota for Receipt of Child Pornography under 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1)–and the conduct detailed in his Presentence Investigation Report ("PSR").  (#28 at 6, citing #29 ¶ 7.)

      ii. <u>The APA.</u>

Under the APA, a reviewing court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be[,]" *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right[.]"  5 U.S.C. § 706(2)(A), (C).

      iii. <u>Arbitrary and Capricious.</u>

Agency action is arbitrary and capricious "if the agency relied on improper factors, disregarded 'an important aspect of the problem, offered an explanation that runs counter to the evidence,' or when a reasonable explanation for the agency's decision cannot be discerned." *Gulluni v. Levy*, 85 F.4th 76, 82 (1st Cir. 2023) (quoting *Motor Vehicle Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983)) (additional citations omitted).  In conducting this inquiry, "a court asks not whether it agrees with the agency decision, but rather only whether the agency action was reasonable and reasonably explained." *Seven Cnty. Infrastructure Coal v. Eagle Cnty.*, 605 U.S. 168, 180 (2025) (additional citations omitted).  Review of an individual BOP classification decision is available under § 706. *See Fox*, 409 F. Supp. 2d at 89.

In response to Block's claim that his PSF designation was arbitrary and capricious, the Respondent counters, and the court agrees, that the decision to classify Block as a "Sex Offender" was properly supported by Block's 2018 conviction for Receipt of Child Pornography.  (#28 at 10.)  Indeed, BOP's decision to apply a "Sex Offender" classification based on, at a minimum, Block's conviction for a sexual offense was not arbitrary or capricious where, under PS P5100.08,

11

the offense of his conviction necessarily included behavior relating to "[p]ossession, distribution or mailing of child pornography or related paraphernalia[.]"[11] (#28-1 at 49.) *See Isler*, 942 F. Supp. 2d at 176-78 (BOP's determination that § 2241 petitioner's conviction "involved sexual assault conduct" such that "Sex Offender" classification was appropriate was not arbitrary or capricious); *Fox*, 409 F. Supp. 2d at 91 (BOP did not abuse its discretion in applying a "Sex Offender" classification to an inmate with a prior conviction for a sexual offense); *see also Day v. Nash*, 191 F. App'x 137, 140 (3d Cir. 2006) (BOP's application of a "Sex Offender" PSF was not arbitrary or an abuse of discretion where inmate's PSR "described conduct that triggers" such a classification).

   iv. <u>In Excess of Statutory Jurisdiction or Authority.</u>

  Beyond his individual classification decision, Block claims that BOP's "categorical use" of the Public Safety Factors enumerated in PS P5100.08 in making classification designations exceeds BOP's statutory authority where its classification decisions are "disconnected from individualized facts[.]"[12] (#24 ¶ 21; #33 ¶ 12.) This claim must also be dismissed.

  Under the APA, a reviewing court "must exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority[.]" *Loper Bright Enterprises v.*

---

[11] Referencing § 4B1.5 of the U.S. Sentencing Guidelines Manual, Block claims that because the offense of his conviction, Receipt of Child Pornography under 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), is not a "covered sex crime" within the meaning of § 4B1.5, he "should not have a PSF." (#24 ¶¶ 17-19.) The Guidelines, however, have no application to BOP's administration of its classification system. 18 U.S.C. § 4081, from which BOP derives authority to classify inmates, "does not direct the BOP to consider the Sentencing Guidelines." *Iacaboni v. United States,* 251 F. Supp. 2d 1015, 1033-34 (D. Mass. 2003) (considering application of the Guidelines in relation to 18 U.S.C. § 3621(b) and acknowledging that "the Sentencing Guidelines govern what a judge does in imposing a sentence; they do not control what the BOP does <u>after</u> the sentence is imposed") (emphasis in original).

[12] Block's argument with respect to this issue is limited to BOP's application of its "Sex Offender" Public Safety Factor classification.

*Raimondo*, 603 U.S. 369, 412 (2024);[13] *see id.* at 394 ("The APA, in short, incorporates the traditional understanding of the judicial function, under which courts must exercise independent judgment in determining the meaning of statutory provisions."). As articulated in *Loper Bright*:

> When the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court under the APA is, as always, to independently interpret the statute and effectuate the will of Congress subject to constitutional limits. The court fulfills that role by recognizing constitutional delegations, 'fix[ing] the boundaries of [the] delegated authority,' . . . and ensuring the agency has engaged in 'reasoned decisionmaking' within those boundaries[.]

*Id.* at 395 (additional citations and quotations omitted) (alterations in original).

As the Respondent points out, BOP, under 18 U.S.C. § 4081,[14] has been given broad discretion by Congress to classify inmates in its custody. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control" prisoner classification) (citing 18 U.S.C. § 4081); *Cohen v. United States*, 151 F.3d 1338, 1343-44 (11th Cir. 1998) (concluding that "Congress intended to give the BOP discretion in making its classification decisions and determinations about placement of prisoners"); *Fox,* 409 F. Supp. 2d at 90 (inmate classification "is a matter within the discretion of prison officials") (collecting cases).

BOP's authority under § 4081 unambiguously includes the ability to classify inmates according to, among other factors, "the nature of the offenses committed[.]" 18 U.S.C. § 4081.

---

[13] *Loper Bright* overruled the "broad rule of deference" announced in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), specifically, that, in cases where a "'statute [was] silent or ambiguous with respect to the specific issue' at hand[,]" a reviewing court was to "defer to the agency if it had offered 'a permissible construction of the statute[.]'" *Loper Bright*, 603 U.S. at 397 (quoting *Chevron*, 467 U.S. at 843). In the wake of *Loper Bright*, reviewing courts must now "exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Id.* at 412. Block argues that review under this standard compels the conclusion that BOP exceeds its statutory authority in applying "Sex Offender" classifications. *See* #24 ¶¶ 1, 10, 15, 21. For reasons explained below, it does not.

[14] The parties agree that BOP derives classification authority from 18 U.S.C. § 4081. *See* #28 at 4, 10; #33 ¶¶ 8-9.

Consistent with this authority, PS P5100.08 allows an inmate to be classified as a "Sex Offender" where his or her "prior history" includes certain "elements" or "documented behavior" that involve or relate to sexual conduct. *See* #28-1 at 49. BOP's decision to assign an inmate a "Sex Offender" PSF classification where that inmate's "behavior in the current term of confinement or prior history includes one or more" of those elements or behaviors is within the bounds of the unambiguous authority it has been delegated, under § 4081, to classify inmates according to, among other things, the nature of those offenses they committed. *See Fox,* 409 F. Supp. 2d at 90 ("[A]ssignment of a "Sex Offender" Safety Factor to prisoners with prior state sex offenses cannot be found contrary to the statute or congressional intent") (citing 18 U.S.C. § 4081).[15]

      b. Individual Placement and Programming Determinations.

Finally, Block claims that his "Sex Offender" classification "prevent[ed] his participation in certain BOP Programs," including furlough and residential drug abuse treatment programs ("RDAP"), prevented his placement in community reentry centers or inmate camps, and denied him the opportunity to earn time credits under the FSA. (#24 ¶¶ 1, 6, 26.)

      i. Individual Determinations Regarding Furlough, Transfer, and Placement in Community Centers and Residential Drug Abuse Treatment Programs.

Unlike his claim with respect to classification, individual agency determinations with respect to Block's transfer, participation in furlough programming, or placement in a community center or residential drug abuse treatment program, are not reviewable under the APA, and this

---

[15] Block argues that BOP failed to comply with the APA's rulemaking requirements, *see* 5 U.S.C. § 553, where, according to him, PS P5100.08 "was adopted without proper rule making[.]" (#24 ¶¶ 23-25) (cleaned up). PS P5100.08, however, is simply an "internal agency guideline" and is not "'subject to the rigors of the Administrative Procedure Act, including public notice and comment.'" *Reno v. Koray,* 515 U.S. 50, 61 (1995) (additional citation omitted); *see Fox,* 409 F. Supp. 2d at 90 n.16 (concluding that a prior version of PS P5100.08 was "best classified as a general statement of policy" and "therefore would not be subject to the [APA's] 'notice and comment' rulemaking requirements").

court is without jurisdiction to consider them.[16]

BOP has authority by statute to make determinations regarding inmate transfer and placement, *see* 18 U.S.C. § 3621(b); to temporarily release an inmate on furlough, *see* 18 U.S.C. § 3622; to place an inmate in prerelease custody, such as in a community correctional facility, *see* 18 U.S.C. § 3624(c)(1); or to allow for an inmate's participation in substance abuse treatment programs, *see* 18 U.S.C. § 3621(e).

"Judicial review of individual determinations under those statutes governing inmate placement, transfer, release and early release . . . however, is precluded under section 706 of the APA." *Fox*, 409 F. Supp. 2d at 89 (APA review of BOP decision denying § 2241 petitioner consideration for community center placement was unavailable) (additional citations omitted); *see* 18 U.S.C. § 3625, "Inapplicability of the Administrative Procedure Act" ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."); *see also Standifer v. Ledezma*, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011) ("To the extent [petitioner] challenges only the BOP's decision regarding his eligibility for RDAP participation, his argument is expressly foreclosed by 18 U.S.C. § 3625, which prohibits judicial review under the APA of RDAP placement decisions."); *Simmons v. Grondolsky*, Civil Action No. 12-10515-RGS, 2012 WL 5423707, at *2 (D. Mass. Oct. 18, 2012), *report and recommendation adopted*, 2012 WL 5416533 (D. Mass. Nov. 5, 2012) (acknowledging that "Section 706 of the APA precludes judicial review of individual determinations under section 3621(e)" and concluding that APA review of BOP determination of

---

[16] Block does not challenge any related BOP policy or allege that BOP exceeded its statutory authority in making these decisions. To the contrary, his petition "alleges only that the BOP erred in his particular case." *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011) (construing § 2241 petition as challenging BOP's individualized determinations alone).

§ 2241 petitioner's eligibility for early release was unavailable); *Bonadonna v. Sabol*, Civil Action No. 09-40081-GAO, 2009 WL 4730989, at *1 (D. Mass. Dec. 8, 2009) (APA review of BOP decision denying § 2241 petitioner's transfer request was unavailable).

### ii. Block's Eligibility for Earned Time Credits.

Through use of a "risk and needs assessment system[,]" the First Step Act, or FSA, allows inmate participation in "evidence-based recidivism reduction programming or productive activities" and provides, as an incentive to eligible inmates who "successfully complete[]" such programming or activities, corresponding "time credits" toward early release. 18 U.S.C. § 3632(a) and (d)(4)(A). Pursuant to 18 U.S.C. § 3632(d)(4)(A)(i)-(ii), "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities[,]" eligible inmates "(i) . . . shall earn 10 days of time credits" and (ii), for those determined by BOP "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, ha[ve] not increased their risk of recidivism, . . . an additional 5 days" of credits.[17]

Of critical importance here, 18 U.S.C. § 3632(d)(4)(D) unambiguously states that an inmate "is ineligible to receive time credits" if serving a sentence for a conviction under, *inter alia*, "(xlii) Section 2252A, relating to certain activities involving material constituting or containing child pornography[.]" 18 U.S.C. § 3632(d)(4)(D)(xlii). Block was convicted under 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) for Receipt of Child Pornography, and BOP's decision to designate him as ineligible to earn time credits based on the plain language of 18 U.S.C. § 3632(d)(4)(D)(xlii) was not arbitrary or capricious or in excess of its statutory authority.[18] *See Ashby v. Warden*, Civil

---

[17] Eligible inmates may then apply earned time credits "toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

[18] The Respondent does not make this exact argument in support of his contention that Block was not unlawfully denied FSA time credits, *see* #28 at 10 n.7; nevertheless, a court may allow a motion

Action No. BAH-24-1663, 2025 WL 2494326, at *4-5 (D. Md. Aug. 29, 2025) (holding that 18 U.S.C. § 3632(d)(4)(D) "unambiguously disqualifie[d]" inmate who was serving a sentence for a conviction under one of § 3632(d)(4)(D)'s enumerated "provisions of law" from earning FSA time credits, and dismissing § 2241 petition which sought APA review); *Howell v. Napier,* Civil Action No. 4:24-7499-SAL-TER, 2025 WL 2549073, at *3-4 (D.S.C. Feb. 4, 2025), *report and recommendation adopted,* 2025 WL 2549073 (D.S.C. Aug. 11, 2025) (same) (collecting cases).

V. Conclusion.

    For the above reasons, the Respondent's motion (#27) is allowed in part and denied in part, and Block's petition is dismissed. An order of dismissal will issue separately.


February 17, 2026                                                           /s/ M. Page Kelley
                                                                                          M. Page Kelley
                                                                              United States Magistrate Judge

---

to dismiss "on grounds 'not fully briefed.'" *Phillips,* 784 F. Supp. 3d at 474 n.1 (quoting *Cordero-Hernandez v. Hernandez-Ballesteros*, 449 F.3d 240, 243 n.2 (1st Cir. 2006)).